UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA LEONARD, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 2:06CV00033 ERW |
| | ) | |
| BASF CORP., | ) | |
| | ) | |
| Defendant(s). | ) | |

**AMENDED MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh causes of action, and Motion to Make More Definite Plaintiff's Second, Ninth, and Twelfth Causes of Action [doc. #7].

**I. BACKGROUND**[1]

Plaintiff filed suit in the Circuit Court in Marion County on April 27, 2006. Defendant subsequently removed the action to this Court, pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). On June 16, 2006, the Defendant filed the current Motion to Dismiss and Motion to Make More Definite certain claims of Plaintiff's twelve count petition.

Plaintiff Donna Leonard was the wife of decedent Phillip Leonard, and brings suit for wrongful death against Defendant BASF Corp., the owner of the manufacturing plant where Decedent was employed. Decedent died on April 3, 2003 from colon cancer. From 1975 until approximately February 2003, decedent was employed at Defendant's facility in Palmyra,

---

[1]As this is a Motion to Dismiss and Motion to Make more Definite, the Court takes the facts from Plaintiff's complaint.

1

Missouri, as a maintenance supervisor; he was employed by Unicco Service Co., who is not a party to this litigation. Plaintiff alleges that as a result of the continuous exposure to Defendant's products, Decedent was exposed to dangerous levels of carcinogens which led to his health problems, including colon cancer. In connection with these events, Plaintiff alleges twelve counts against the Defendant, both personally and on behalf of Decedent.

## II. STANDARD OF REVIEW[2]

### A. MOTION TO DISMISS

Under the Federal Rules of Civil Procedure a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief may be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6)

---

[2]For ease in addressing all of Defendant's arguments in an orderly manner, the Court will provide the standard of review for both a motion to dismiss, and motion for a more definite statement, at the outset. The Court will then address each of the counts as presented in Defendant's Motion.

should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B. MOTION FOR MORE DEFINITE STATEMENT

The Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis County Nursing Home Dist.*, 207 F.Supp.2d 951, 959 (E.D.Mo. 2001) (internal citations omitted). This is a stringent standard, which, in light of the liberal notice pleading standards of the federal rules, is rarely met. *Meridian Enterprises Corp. v. Bank of America Corp.*, 2006 WL 3210497, at *1 (E.D.Mo., Nov. 3, 2006) ("motions for a more definite statements are rarely granted"). These pleading rules require only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(e) further requires that the party seeking a more definite statement "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). As one court interpreted this rule, "Rule 12(e) is a remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail." *Kia Motors America Inc. v. Autoworks Distributing*, 2006 WL 2943306, at *3 (D.Minn., Sep. 28, 2006). In addressing Defendant's 12(e) Motion for More Definite

3

Statement, this Court will apply this strict standard, granting the motion only when the pleadings are unintelligible.

## III. DISCUSSION[3]

### A. Second Cause of Action-Motion to Make More Definite

Defendant asserts that this Court should require Plaintiff to make her second cause of action more definite. Defendant argues that Plaintiff's second cause of action is ambiguous as Plaintiff fails to plead the basis on which the Defendant allegedly had a duty to warn, or to whom such a duty was owed. Defendant argues that Plaintiff fails to specify whether she is alleging a failure to warn-premises liability claim, or a failure to warn consumers of the dangerous condition of a product, and therefore the Defendant cannot know what duty it is accused of breaching. Without such information, Defendant argues it is unable to respond to Plaintiff's cause of action. Plaintiff's respond that the complaint clearly states "the **products** they manufactured and/or sold posed a danger. . .." *Pl. Response to Def. Mot. to Dis. and Mot. to Make More Definite*, 3 (emphasis added).

The standard, as recited above, requires the Defendant to show that the cause of action is completely unintelligible. *Kia Motors America, Inc.*, 2006 WL 2943306, at *3. It is clear to the Court that the Plaintiff is alleging that the Defendant failed to warn of the dangers associated with the products that were manufactured at Decedent's place of employment. Whether Plaintiff has alleged facts to support this claim is a separate question, however, it is not so unintelligible as to

---

[3]Defendant's motion goes through the counts in numerical order, rather than grouping together those claims subject to the Motion to Dismiss, and those subject to the Motion for More Definite Statement. For the sake of continuity the Court addresses them in the same order.

4

require a more definite statement. [4] The Defendant's Motion for More Definite Statement as to Plaintiff's Second Cause of action will be denied.

### B. Third, Fourth, Fifth, and Sixth Causes of Action-Motion to Dismiss

The Plaintiff's third, fourth, fifth, and sixth causes of action allege strict liability, strict liability design defect, strict liability inadequate warnings, and strict liability representation, respectively. Defendant argues that the third, fourth, fifth, and sixth causes of action should be dismissed because Plaintiff has not alleged facts that the product had been entered into the stream of commerce at the time of Decedent's exposure. The facts of the case at bar are somewhat unique, Decedent was exposed at Defendant's manufacturing facility, while employed by Unicco Service Company.

> Missouri law provides that a person who:
>
> sells a product in a defective condition unreasonably dangerous to the user or consumer [will] be liable to the ultimate user or consumer for any harm caused by use of the product if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

*Crump v. Versa Products Inc.*, 400 F.3d 1104, 1107 (8th Cir. 2005); *see also Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 439 (Mo. 2002). Missouri Case law holds that although strict liability requires a showing that the defendant "sells the product," the term seller is not narrowly defined. *Menschik*, 812 S.W.2d at 863 ("a seller of a product is not. . .narrowly defined."). However, there must be some showing that the Defendant placed the defective product in the "stream of commerce." *Id.* ("[T]he test. . .is not the sale of the product, but rather

---

[4]In Defendant's reply memorandum, the Defendant seeks to dismiss Plaintiff's second cause of action for failure to state a claim, arguing that Plaintiff has failed to allege what duty Defendant owed Plaintiff. However, this was not part of Defendant's original motion and therefore the Court will not address it.

the placing thereof in commerce."). The Missouri court of appeals has held that "strict liability in tort imposes a duty on a manufacturer not to introduce into commerce an unreasonably dangerous product. . .." *Peters v. Johnson & Johnson Products Inc.*, 783 S.W.2d 442, 443 (Mo.Ct.App. 1990); *see also Long v. Cottrell, Inc.*, 265 F.3d 663, 669 (8th Cir. 2001) ("Missouri courts require that an entity place a product in the stream of commerce before it can be liable under a products liability claim."); *see also Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. 1984) ("Missouri courts no longer limit application of the theory to sellers alone. . .."); *Commercial Distribution Center, Inc. v. St. Regis Paper Co.*, 689 S.W.2d 664, 670 (Mo.Ct.App. 1985) ("[T]he test for determining the applicability of the rule (of strict liability) is not the sale of the product, but rather the placing thereof in the stream of commerce."). Although the Missouri Court of Appeals is clear that the defendant need not have sold the product to be liable under a strict liability theory, it is less clear when a defendant's action will be sufficient to satisfy the stream of commerce approach stated above. In *Gunderson v. Sani-Kem Corp.*, the Missouri Supreme Court explained this approach in detail:

> Under the stream-of-commerce approach. . .no precise legal relationship to the member of the enterprise causing the defect to be manufactured or to the member most closely connected with the customer is required before the courts will impose strict liability; it is the defendant's *participatory connection, for his personal profit or other benefit*, with the injury-producing product and with the *enterprise that created consumer demand for and reliance upon the product* which calls for the imposition of strict liability.

674 S.W.2d 665, 668 (Mo.Ct.App. 1984) (emphasis in original, citations omitted).

The question in the case at bar is whether Decedent's exposure to the chemicals at the place of manufacture, is sufficient to satisfy the requirement that "an entity place a product in the stream of commerce." *Long*, 265 F.3d at 669. Plaintiff cites to numerous cases which emphasize the broad interpretation Missouri courts give to the term seller. For example, the case in

6

*Gunderson* involved a defendant who had modified a product that was installed in a manufacturing plant, after the product had entered the stream of commerce. *Id.* at 667 ("Defendant's [sic] Bradshaw and Ray Savage performed modifications of the lubrication system and supplied Fairmont with its lubricant."). In a similar case, the Missouri Court of Appeals held that the transporter of gas was liable under a theory of strict liability because they added odorant to the gas which added an additional charge to the cost of transporting and storing the gas. *Menschik v. Mid-America Pipeline Co.*, 812 S.W.2d 861, 863 ("it [defendant] did select the odorant to be added and it added the same for a charge which was added to the cost of transporting and storing. . ."); *see also Commercial Distribution Center, Inc.*, 689 S.W.2d at 670 (holding a supplier responsible under strict liability theory).

Under the facts of this case, at the point in time that the Decedent was allegedly injured, the product had not been injected into the stream of commerce. *See e.g. Bailey v. Innovative Management & Investment, Inc.*, 916 S.W.2d 805, 807 (Mo.Ct.App. 1995). Therefore the cases cited by Plaintiff above are unpersuasive. Plaintiff alleges that Decedent was exposed to Defendant's products, and ingredients used in manufacturing these products, through the course of his employment, located at the Defendant's plant. *Pl. Comp.*, ¶4-8 ("That by working with and being exposed to aforesaid products *at Defendant's facility*. . .." (Emphasis added)). Plaintiff does allege that the product was placed in the stream of commerce by Defendant, but not until after Decedent was exposed. *Id.* at ¶28. The products were still in Defendant's control at the time of the alleged injury, and therefore had not been injected into the stream of commerce. Plaintiff has not cited to this Court any case where an injury occurring at the place of manufacture, is the basis of a strict liability claim. To the contrary, the Missouri Court of Appeals has specifically held that "the defectiveness of a product is measured as of the time the product

7

enters the stream of commerce." *Gabler v. Robbins & Myers, Inc.*, 895 S.W.2d 79, 81 (Mo.Ct.App. 1995). Therefore this Court finds that Plaintiff has failed to state a claim upon which relief can be granted under her third, fourth, fifth, and sixth causes of action, and therefore the Defendant's Motion to Dismiss as to those counts is granted.

### C. Seventh and Eighth Causes of Action-Motion to Dismiss

Plaintiff's seventh and eighth causes of action allege breach of implied and express warranty. Defendant argues that Plaintiff's seventh and eighth causes of action should be dismissed because under Missouri law, a claim for breach of warranty requires a showing that the Decedent was a buyer or in privity with a buyer of the products, and in this case Plaintiff has failed to make such a showing. *Def. Memo. in Support of Def. Mot. To Dismiss and Mot. to Make More Definite*, 8. Plaintiff responds that a showing of privity is required only for breach of implied warranty actions, not for breach of an express warranty, and therefore her seventh cause of action should not be dismissed. *Pl. Response to Def. Mot. to Dismiss and Mot. to Make More Definite*, 6. As for her eighth cause of action for breach of implied warranty, Plaintiff argues that Defendant's motion to dismiss should be denied because Defendant assumed a duty of care to persons, such as the Decedent, who were working in their facility, regardless of the lack of privity. *Id.*

Under Missouri law, "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." Mo.Rev.Stat. § 400.2-318. Plaintiff's allegations state that "Defendants [sic] expressly warranted that the chemicals were safe and effective," and that the chemicals did not conform to these express warrantees. *Pl. Comp.*, ¶¶49-50. Plaintiff's

8

allegations clearly fail to allege that Decedent was the purchaser, in privity with the purchaser, or a member of the purchaser's household. Plaintiff's allegations are based on injuries sustained during the manufacturing of Defendant's product. Therefore Defendant's are correct that Plaintiff's seventh and eighth causes of action cannot be sustained on the basis of either an express or implied seller's warranty.

Plaintiff's appear to be arguing that there was an express or implied warranty between the Defendant manufacturer and the Decedent as employee. *Pl. Response to Def. Mot. to Dismiss and Mot. to Make More Definite*, 6. This Court must deny Defendant's Motion to Dismiss Plaintiff's Seventh and Eighth causes of action, unless it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of a claim entitling her to relief. *Breedlove,* 140 F.3d at 799. Therefore, this Court must determine whether a cause of action may lie for a breach of express warranty outside the context of seller liability.[5] The Court has found no evidence, and Plaintiff has provided none, that supports a cause of action for breach of warranty in the present case. Therefore this Court concludes that Plaintiff has not alleged any facts upon which relief can be granted and therefore Plaintiff's seventh cause of action for breach of express warranty is dismissed.

**D. Ninth Cause of Action-Motion to Make More Definite**

Plaintiff's ninth cause of action seeks to state a claim for misrepresentation. Defendant asserts that Plaintiff has failed to comply with Federal Rule of Civil Procedure 9(b), to plead a claim of fraud or mistake with particularity. Specifically, Defendant argues that Plaintiff failed to identify the "who, what, when and how of the alleged fraud." *Def. Memo. in Support of Def.*

---

[5]Plaintiff admits in her brief that privity of contract is required for breach of implied warranty, and therefore the Court looks only to Plaintiff's breach of express warranty claim. *Pl. Response to Def. Mot. to Dismiss and Mot. to Make More Definite*, 6.

*Mot. to Dismiss and Mot. to Make More Definite*, 9 (citing *United States ex rel. Joshi v. St. Luke's Hospital*, 441 F.3d 552 (8th Cir. 2006)). Defendant states that it cannot respond to Plaintiff's allegations until Plaintiff makes clear the specific representations Defendant made that were allegedly fraudulent. *Id.* Plaintiff responds that Defendant is correct that the elements of fraud or negligent misrepresentation must be plead with particularity, but further responds that her petition meets these requirements. *Pl. Response to Def. Mot. to Dismiss and Mot. to Make More Definite*, 7. In the alternative Plaintiff requests an additional 20 days to amend her petition. *Id*. at 8.

The Federal Rules of Civil Procedure provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In order for the Court to determine whether Plaintiff has satisfied this requirement, it is necessary to determine the elements Plaintiff is required to prove in order to state a cause of action for fraudulent misrepresentation or negligent misrepresentation; for this the Court turns to Missouri law. In *Sofka v. Thal*, the Missouri Supreme Court listed the elements of a fraud claim which plaintiff must prove: "1) a representation, 2) its falsity, 3) its materiality, 4) the speaker's knowledge of its falsity, or his ignorance of its truth, 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, 6) the hearer's ignorance of the falsity of the representation, 7) the hearer's reliance on the representation being true, 8) his right to rely thereon, and 9) the hearer's consequent and proximately caused injury." 662 S.W.2d 502, 506 (Mo. 1983). The elements of a claim for negligent misrepresentation under Missouri law are similar. The Plaintiff must show :"(1) the speaker supplied information in the course of his business; (2) because of the failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited

group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's reliance on the information, the listener suffered pecuniary loss." *Kesselring v. St. Louis Group, Inc.*, 74 S.W.3d 809, 813 (Mo.Ct.App. 2002). The court in *Kesselring*, notes that there are two differences between a cause of action for fraud and negligent misrepresentation; namely fraud "requires that the person knowingly or recklessly supply false information. . . [and] negligent misrepresentation requires that the information be supplied in the course of the defendant's business." *Id.*

As cited in Defendant's brief, the Eighth Circuit has stated that "to satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including where the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel Joshi*, 441 F.3d at 556. Looking at the pleading requirements for fraud in conjunction with the elements of a claim under Missouri law, this Court is convinced that the Plaintiff has failed to plead with sufficient particularity the elements required. The petition states in general terms that the Defendant had knowledge of the risk posed by the chemicals in question, and that the Defendant "intentionally or negligently omitted this information. . .." *Pl. Pet.*, ¶¶60-61. The Petition further states that "Plaintiff's decedent reasonably relied to his detriment upon Defendant's fraudulent actions and omissions," and that as a result of these actions and omissions Decedent was exposed to the chemicals which caused the injuries suffered by Plaintiff. *Id.* at ¶¶63-65. Plaintiff's petition does not mention the specific statements that Defendant made, or in the case of an omission, the duty under which Defendant was required to speak. *See Kesselring*, 74 S.W.3d at 814 ("non-disclosure amounts to a misrepresentation only when the person is under a duty to disclose."). Furthermore, in the case of a negligent misrepresentation Plaintiff has failed

11

to allege that the misrepresentations were made in the context of a business relationship, or that the Plaintiff suffered any pecuniary loss. *See Id.* at 813. It is uncertain whether Plaintiff can allege with particularity facts sufficient to state a claim for fraudulent or negligent misrepresentation, however, the Plaintiff will be given twenty (20) days to amend her complaint to comply with the federal rules of civil procedure.

### E. Tenth Cause of Action-Motion to Dismiss

Plaintiff's tenth cause of action alleges battery. Defendant's sole argument in support of its motion to dismiss is that the Plaintiff asserts a claim not only on behalf of herself, but also on behalf of other workers in the Defendant's manufacturing plant, and therefore the claim should be dismissed because Plaintiff lacks standing to sue on behalf of other workers. *Def. Memo. in Sup. of Def. Mot. to Dismiss and Mot. to Make More Definite*, 10. The Plaintiff responds that she does not seek to assert a cause of action on behalf of other workers in the plant, but rather identifies Decedent as one of the workers who was exposed to the chemicals. *Pl. Response to Def. Mot. to Dismiss and Mot. to Make More Definite*, 9. In light of the requirement that this Court resolve any doubts in favor of Plaintiff, and that a motion to dismiss should be denied unless the plaintiff can prove no set of facts in support of a claim entitling her to relief, this Court finds that Plaintiff's tenth cause of action can be read as stating a claim only on behalf of decedent, not on behalf of other workers. *Breedlove*, 140 F.3d at 799. Therefore, this Court denies Defendant's Motion to Dismiss Plaintiff's tenth cause of action.

### F. Eleventh Cause of Action-Motion to Dismiss

Plaintiff's eleventh cause of action asserts negligent or intentional infliction of emotional distress. The Plaintiff appears to be alleging severe emotional distress on behalf of Decedent, and personally. *Pl. Petition*, ¶81 ("By extreme and outrageous conduct, Defendants have recklessly

caused severe or extreme emotional distress to Plaintiff and decedent. . ..");. As an initial matter, Defendant again argues that Plaintiff is asserting a cause of action on behalf of other workers, as well as on her own and Decedent's behalf, which Plaintiff again denies. The Court does not read Plaintiff's Petition to allege a cause of action on behalf of other workers and therefore this argument fails. Secondly, Defendant argues that the negligent infliction of emotional distress allegations fail to state a claim because Plaintiff alleges that an extended period of exposure caused the harm and under Missouri Law, the plaintiff must allege a sudden event. *Def. Memo. in Sup. of Def. Mot. to Dismiss and Mot. to Make More Definite*, 11. Thirdly, Defendant argues that the Plaintiff has failed to state a claim for intentional infliction of emotional distress because it requires the plaintiff to allege outrageous conduct, which it states the Plaintiff has failed to do. *Id.* at 12. Plaintiff responds to the Defendant's second argument by stating that it is "the gradual exposure that causes a disease that is in turn the sudden event," not the exposure itself. *Pl. Response to Def. Mot. to Dismiss and Mot. to Make More Definite*, 9. In response to the Defendant's third argument, the Plaintiff argues that the allegations that the Defendant knew of the risk of harm associated with exposure to the chemicals in question is sufficient to constitute outrageous conduct. *Id.* The Court will first address Plaintiff's claim of negligent infliction of emotional distress, and secondly, Plaintiff's claim of intentional infliction of emotional distress.

### 1. Negligent Infliction of Emotional Distress

Missouri law recognizes a claim for negligent infliction of emotional distress. *Asaro v. Cardinal Glennon Memorial Hospital*, 799 S.W.2d 595, 597 (Mo. 1990). Although Missouri law no longer requires a contemporaneous physical trauma, the plaintiff is required to show:

> 1) that the defendant should have realized that his conduct involved an unreasonable risk to the plaintiff, (2) that plaintiff was present at the scene of the injury producing sudden event, (3) and that plaintiff was in the zone of danger, i.e.,placed in a reasonable fear of physical injury to his or her own person.

*Asaro*, 799 S.W.2d at 600.

Clearly, the Plaintiff cannot meet the requirements set forth above. She did not work at the Defendant's plant, she was not at risk of being exposed to the allegedly dangerous chemicals, and therefore, even assuming that such exposure was a sudden event, Plaintiff was not present and is barred from recovering. The Court next looks to whether Plaintiff can successfully assert a claim for negligent infliction of emotional distress, on behalf of Decedent. Plaintiff must allege that decedent was "present at the scene of an injury causing sudden event." *Id.* In a case analogous to the case at bar, the Missouri Supreme Court found that a husband could not state a claim for negligent infliction of emotional distress because he was not present at the scene of the injury to his wife, the accidental infection with Hepatitis C. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 465 (Mo. 2001). The husband in that case argued that he was within the zone of interest because the injury causing event was the risk of being exposed to the disease through his wife. *Id.* The Missouri Supreme Court held that "[e]ven though this type of analysis might resolve the zone of danger requirement, the requirement that the plaintiff be present at the scene of the injury-producing *sudden event* is still left unsatisfied." *Id*. (emphasis added). The exposure to chemicals causing injury is not a sudden event, just as exposure to your wife who is infected is not a sudden event. Therefore, the Plaintiff's claim for negligent infliction of emotional distress should be dismissed on behalf of herself and Decedent.

### 2. Intentional Infliction of Emotional Distress

Plaintiff's petition additionally alleges that Defendant knowingly exposed Decedent to chemicals that caused Decedent and Plaintiff to suffer serious emotional distress. *Pl. Petition*, ¶¶76-81. Missouri courts recognize a cause of action for intentional infliction of emotional distress. *See Boss v. Deschu*, 768 S.W.2d 205, 207 (Mo.Ct.App. 1989). There are four

elements: "(1) the defendant must act intentionally or recklessly, (2) his conduct must be extreme and outrageous, (3) the conduct must be the cause (4) of severe emotional distress." *Id.* Outrageous conduct has been defined as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Boes v. Deschu*, 768 S.W.2d 205, (Mo.Ct.App. 1989). It is the role of this Court to determine, in the first instance, whether the alleged conduct of Defendant was sufficiently outrageous to sustain a cause of action. *Thornburg v. Federal Express Corp.*, 62 S.W.3d 421, 428 (Mo.Ct.App. 2001) ("It is for the court to determine. . .whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." (Internal citations omitted)).

This Court finds that if, as Plaintiff alleges, the Defendant knowingly exposed Decedent to chemicals that would cause him to contract a serious disease, namely colon cancer, this would be sufficient to cause an average member of the community to exclaim, "Outrageous." *Viehweg v. VIC Tanny International*, 732 S.W.2d 212, 213 (Mo.Ct.App. 1987) ("In short, the Court is to determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim 'outrageous!'"); *See also Boes*, 768 S.W.2d at 207. Plaintiff further alleges that as a result of the Defendant's intentional conduct, Plaintiff and Decedent suffered extreme emotional distress. Whether Defendant actually acted with such intentional disregard for the well-being of Decedent will have to be proven, but Plaintiff has alleged a cause of action sufficient to survive a motion to dismiss. Defendant's Motion to Dismiss Plaintiff's eleventh cause of action, insofar as it alleges intentional infliction of emotional distress, is denied.

**G. Twelfth Cause of Action-Motion to Make More Definite**

Plaintiff's twelfth cause of action alleges negligence per se. The Defendant argues that Plaintiff has failed to plead the statute that is the basis of her negligence per se cause of action, and therefore this Court should order Plaintiff to Make this claim more definite. *Def. Memo. in Sup. of Def. Mot. to Dismiss and Mot. to Make More Definite*, 14. The Plaintiff responds that this cause of action is sufficiently definite to place Defendant on notice of her claim, however, in the alternative Plaintiff seeks twenty (20) days to make her Petition more definite. *Pl. Response to Def. Mot. to Dismiss and Mot. to Make More Definite*, 10.

A claim for negligence per se has four requirements under Missouri law: "1) a violation of a statute or ordinance; 2) the injured party must be within the class of persons intended to be protected by the statute or ordinance; 3) the injury complained of must be of the nature that the statute or ordinance was designed to prevent; and 4) the violation of the statute or ordinance must be the proximate cause of the injury." *Lowdermilk v. Vescovo Building and Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo.Ct.App. 2002); *see also Business Men's Assur. Co. v. Graham*, 891 S.W.2d 438, 455 (Mo.Ct.App. 1994). Plaintiff has failed to plead facts sufficient to support a claim of negligence per se, as she has not identified the statute which she alleges Defendant violated, she has not alleged that Decedent was a member of the class of persons intended to be protected by that statute, nor has she alleged that the violation was the proximate cause of the injury. *See Lowdermilk*, 91 S.W.3d 671. Although pleading requirements under the Federal Rules are not intended to be burdensome, in the present case, Plaintiff's allegations fail to state the grounds on which they rest, and therefore are so vague that Defendant cannot "reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *see also Conley*, 355 U.S. at 47. Therefore the Plaintiff shall be given twenty (20) days to amend her petition.

**IV. CONCLUSION**

16

Plaintiff alleges twelve causes of action against Defendant, all stemming from Decedent's death due to colon cancer, which he allegedly contracted as a result of working for twenty-eight years in Defendant's manufacturing plant. This Court finds that many of these causes of action either fail to state a claim, or are too vague and ambiguous to expect the Defendant to be able to form a response. Therefore Defendant's Motion to Dismiss and Motion to Make More Definite shall be granted in part and denied in part. Plaintiff's remaining allegations are her First, Second, Tenth and Eleventh causes of action. Plaintiff will be given twenty (20) days to amend her Ninth and Twelfth causes of action, to make them more definite so that Defendant may respond; the remaining causes of action are dismissed with prejudice.

Accordingly

**IT IS HEREBY ORDERED** that Defendant's Motion to Make More Definite Plaintiff's

- Second Cause of action is **DENIED.**

- Ninth Cause of Action is **GRANTED**, Plaintiff has twenty (20) days to amend her petition.

- Twelfth Cause of Action is **GRANTED**, Plaintiff has twenty (20) days to amend her petition.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's

- Third Cause of Action is **GRANTED.**

- Fourth Cause of Action is **GRANTED.**

- Fifth Cause of Action is **GRANTED.**

- Sixth Cause of Action is **GRANTED.**

- Seventh Cause of Action, breach of express warranty, is **GRANTED.**

- Eighth Cause of Action, breach of implied warranty is **GRANTED.**

- Tenth Cause of Action is **DENIED**.

- Eleventh Cause of Action is **GRANTED** as to Plaintiff's allegation of negligent infliction of emotional distress, and **DENIED** as to Plaintiff's allegation of intentional infliction of emotional distress.

**IT IS FURTHER ORDERED** that Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Eleventh, as to Plaintiff's allegation of negligent infliction of emotional distress, Causes of Action are dismissed with prejudice.

Dated this 13th Day of December, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE