**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DONNA LEONARD,            )<br>                                          )<br>    Plaintiff,              )<br>                                          )<br>v.                                        )<br>                                          )<br>BASF CORPORATION,    )<br>                                          )<br>    Defendant.            )  | Cause No.:    2:06CV00033  ERW<br><br>In Excess of $75,000.00<br>Wrongful Death<br>JURY DEMANDED |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Donna Leonard, by and through her attorneys, and for her Cause of Action against Defendant BASF Corporation ("BASF") states as follows:

ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Donna Leonard is an individual residing in the State of Missouri and was the spouse of Phillip A. Leonard, Sr., deceased, Donna Leonard is entitled to bring this action pursuant to Mo. Rev. Sta. Sec. 537.080 and all persons having an interest in this litigation have been notified.

2. Defendant BASF Corporation is a Delaware Corporation, licensed in Missouri, doing business in Marion County, operating a pesticide facility, formerly known as American Cyanamid Company facility.  BASF acquired American Cyanamid Corporation by merger, purchase or other method.

3. <u>The Defendant is the manufacturer, designer, distributor, seller or supplier of thimet counter, dichloroethane and pendilmethalim and other dangerous and harmful pesticides and chemicals that were used, manufactured, designed, distributed, sold or supplied in or at the Palmyra Plant.</u>

4. On April 29, 2003, the plaintiff's decedent, Phillip A. Leonard was caused to die from cancer as a direct and proximate result of the conduct of Defendant as hereafter explained.

5. On or before February 2003, the decedent was employed by Unicco Service Company at the Defendant's facility in Palmyra, Missouri, as a maintenance supervisor.

6. From on or about 1975 to on or about February 2003, decedent was exposed to Defendants products or ingredients through inhalation, dermal exposure or other methods of contact.

7. At the end of a shift, the decedent would be covered in Defendant's products or ingredients that were difficult or impossible to remove from his person or clothes.

8. Before his death, plaintiff was diagnosed with cancer that caused his death on the above date.

9. That by working with and being exposed to aforesaid products at Defendant's facility, plaintiff was exposed to dangerous levels of carcinogens or other unsafe products.

10. That as a direct and proximate result of said exposure, decedent developed colon cancer and other health problems that resulted in his death.

11. That at all times hereinafter mentioned the deeds, acts, omissions, and knowledge attributed to the Defendant were performed, omitted, or known by the Defendant by and through their agents, servants, and employees, acting within the course and scope of their respective employment with Defendant.

## **FIRST CAUSE OF ACTION**

### **(Negligence)**

12. The averments of the foregoing paragraphs are incorporated herein.

13. Defendants had a duty to protect Plaintiff from injury by exercising reasonable and ordinary care under the circumstances.

14. Defendants failed to discharge this duty by allowing certain unreasonable conditions to exist in connection with the use of its products including, but not limited to, the failure to provide adequate safety equipment, the provision of unsuitable and erroneous equipment, the failure to properly and reasonably maintain operable conditions; and the failure to take adequate steps to warn decedent of presence and/or eliminating chemical exposure of decedent and others.

15. In addition to the negligence stated above, and in the alternative, the injuries and damages suffered by Plaintiff were caused by acts or omissions of Defendants, which acts or omissions may be beyond proof by Plaintiff herein, but which were within the knowledge and control of Defendants such that there are no other possible conclusions than that the exposure resulted from the negligence of Defendant. Furthermore, the exposure would not have occurred had the Defendant exercised the high degree of care imposed on them and Plaintiff therefore pleads the doctrine of res ipsa loquitor.

16. Defendant, by and through its employees, directly and proximately caused decedent to suffer colon cancer resulting in his death.

17. The negligence and carelessness and the acts or omissions, of the defendant directly and proximately caused, or directly and proximately contributed to cause, decedent

3

        Phillip Leonard to suffer the following severe, permanent and progressive injuries directly leading to his untimely death:

        a.    Decedent was caused to suffer a progressive and worsening disease process; including but not limited to colon cancer;

        b.    Decedent suffered medical complications;

        b.    Decedent suffered mental and physical pain, anguish and emotional distress prior to his untimely and agonizing death on April 29, 2003.

18. As a direct and proximate result of the conduct of the defendant as aforesaid, decedent was forced to expend sums of money for medical care and treatment prior to his death, for which plaintiff is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

19. As a direct and proximate result of the conduct of the defendant as aforesaid, plaintiff Donna Leonard was forced to expend monies for funeral and burial expenses in connection with decedent's death, and for such other expenses in an amount that at this time plaintiff Donna Leonard is unable to state with exactitude.

20. As a direct and proximate result of the conduct of the defendant as aforesaid, plaintiff Donna Leonard has been forever deprived of decedent Phillip Leonard's services, consortium, companionship, comfort, instruction, guidance, counsel, training and support.

21. As a direct and proximate result of the conduct of the defendant as aforesaid, plaintiff Donna Leonard has suffered great mental pain and anguish resulting form decedent's

untimely death in an amount that plaintiff is unable to state with exactitude at this time.

22. As a further direct and proximate result of the negligence and carelessness of the defendant, decedent Phillip Leonard was forced to suffer great mental and physical pain and anguish prior to his death, for which plaintiff Donna Leonard is entitled to recover, all in an amount that plaintiff is unable to state with exactitude at this time.

WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00, for her costs herein expended and for such other further and necessary relief that justice requires.

## SECOND CAUSE OF ACTION

### (Negligent Failure to Warn)

23. The averments contained in the foregoing paragraphs are incorporated herein.

24. Defendant, by and through its agents, servants and employees, knew or should have known that the products they manufactured and/or sold posed danger in the following respects to-wit:

   a. Defendant, by and through its agents, servants and employees, failed to adequately warn of the dangers associated with the products.

   b. Defendant, by and through its agents, servants and employees, failed to adequately warn of the risk of harm associated with the exposure to the chemicals.

25. Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.

26. That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.

WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.

### ~~THIRD CAUSE OF ACTION~~

### ~~(Strict Liability)~~

27. ~~The averments of the foregoing paragraphs are incorporated herein.~~

28. ~~The Defendants are the manufacturers, designers, distributors, sellers or suppliers of thimet counter, dichloroethane and pendilmethalim and other dangerous and harmful pesticides and chemicals that were used, manufactured, designed, distributed, sold or supplied in or at the Palmyra Plant.~~

29. ~~The chemicals manufactured, designed, sold, distributed, supplied, or placed in the stream of commerce by the Defendants were defective and unreasonably dangerous in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications, thereby posing a serious risk of injury and death to decedent.~~

30. ~~Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.~~

6

31. ~~That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.~~

~~WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.~~

**~~FOURTH CAUSE OF ACTION~~**

**~~(Strict Liability – Design Defect)~~**

32. ~~The averments of the foregoing paragraphs are incorporated herein.~~

33. ~~The Defendants are the manufacturers, designers, distributors, sellers or suppliers of thimet counter, dichloroethane and pendilmethalim and other dangerous and harmful pesticides and chemicals.~~

34. ~~The chemicals manufactured and supplied by the Defendants were defective and unreasonably dangerous in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design, or it was more dangerous than the ordinary consumer would expect.~~

35. ~~The foreseeable risks associated with the design of the chemicals include, but are not limited, the fact that the chemicals are more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonable foreseeable manner.~~

36. ~~Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.~~

37. ~~That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.~~

~~WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.~~

### ~~FIFTH CAUSE OF ACTION~~

### ~~(Strict Liability – Inadequate Warnings)~~

38. ~~The averments of the foregoing paragraphs are incorporated herein.~~

39. ~~Defendants had actual and/or constructive knowledge of the dangers of the toxic chemicals to which the workers in the BASF Palmyra Plant were exposed when they failed to provide effective respiratory equipment and/or other measures to those individuals.~~

40. ~~The chemicals were defective and unreasonably dangerous at the time they were manufactured, designed, distributed, and/or sold in that they were not accompanied by adequate warnings of the dangers associated with the chemicals and adequate warnings of the risk of harm associated with exposure to them.~~

41. ~~Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.~~

42. ~~That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.~~

~~WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.~~

### ~~SIXTH CAUSE OF ACTION~~

### ~~(Strict Liability – Representations)~~

~~43.    The averments of the foregoing paragraphs are incorporated herein.~~

~~44.    The Defendants made representations regarding the safety of the chemicals.~~

~~45.    The chemicals supplied by the Defendants were defective and unreasonably dangerous in that, it did nor conform to representations made by all Defendants concerning the safety of the product.~~

~~46.    Plaintiff justifiably relied upon all Defendants representations regarding the chemicals when he worked in the area of said chemicals.~~

~~47.    Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.~~

~~48.    That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.~~

~~WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.~~

## SEVENTH CAUSE OF ACTION

### (Express Warranty)

49.  The averments of the foregoing paragraphs are incorporated herein.

50.  The Defendants expressly warranted that the chemicals were safe and effective.

51.  The chemicals manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to workers exposed to chemicals in the Plant.

52.  Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.

53.  That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.

WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.

## EIGHTH CAUSE OF ACTION

### (Implied Warranty)

54.  The averments of the foregoing paragraphs are incorporated herein.

55.  At the time the Defendants designed, manufactured, marketed, sold, and distributed the chemicals for use, Defendant knew of the use for which chemicals were intended and implied warranted the product to be of merchantable quality and safe for such use.

10

56. ~~Plaintiff's decedent reasonably relied upon the skill and judgment of the Defendants as to whether the chemicals were of merchantable quality and safe for its intended use and upon the Defendants implied warranty as to such matters.~~

57. ~~Contrary to such implied warranty, the chemicals were not of merchantable quality or sale for its intended use, because the product was reasonable dangerous as described above.~~

58. ~~Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.~~

59. ~~That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.~~

~~WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.~~[1]

### ~~NINTH CAUSE OF ACTION~~[2]

### ~~(Misrepresentation)~~

60. ~~The averments of the foregoing paragraphs are incorporated herein.~~

61. ~~The Defendants had actual knowledge based upon studies, published reports and clinical experience that the chemicals created an unreasonable risk of serious bodily~~

---

[1] Plaintiff's Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action were dismissed by Order of this Court on December 13, 2006 (Document 15).  The allegations are struck through for purposes of clarity and future reference.

[2] Plaintiff's Ninth Cause of Action was dismissed without prejudice by the Plaintiff after the Court's 12/13/06 Amended Order granting her twenty (20) days to amend her complaint.

11

~~injury and death to workers and other person exposed to chemicals, or should have known such information.~~

62. ~~The Defendant intentionally or negligently omitted this information in its product labeling, promotions, warnings and advertisements and instead labeled, promoted and advertised its product as safe in order to avoid losses and sustain profits in its sales to consumers.~~

63. ~~Plaintiff's decedent reasonably relied to his detriment upon the Defendants' fraudulent actions and omissions in its labeling, advertisements, warnings and promotions concerning the serious risks posed by the product. Plaintiff's decedent reasonably relied upon defendant's representations to Plaintiff's decedent that the chemicals were safe with protection provided and/or use and that Defendants labeling, advertisements and promotions fully described all known risks of the product.~~

64. ~~As a direct and proximate result of the Defendants fraudulent and/or negligent actions and omissions, Plaintiff's decedent was exposed to the chemicals.~~

65. ~~Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.~~

66. ~~That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.~~

~~WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess~~

~~of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.~~

## TENTH CAUSE OF ACTION

### (Battery)

67. The averments of the foregoing paragraphs are incorporated herein.

68. Defendants had actual and/or constructive knowledge of the dangers of the product to which the workers in its facility were exposed.

69. Defendant had actual and/or constructive knowledge of the probable consequences to the health of the workers in said Plant of failing to take measures to prevent such exposure.

70. The contact of the workers in the Plant, including decedent, with this highly chemicals was unwanted, harmful, and offensive to them.

71. Defendants were key participants in, and were responsible for, the operation that produced the highly toxic chemicals to which the workers in the Plant were exposed and for the fraudulent concealment of actual Plant conditions from workers.

72. By warning the workers in the Plant of the dangers of the highly toxic chemicals in the Plant, by providing them with effective respiratory equipment, and by taking other measures, defendants could have prevented the unwanted, harmful and offensive contact with the chemicals decedent was exposed.

73. By knowingly and recklessly failing to warn the workers in the Plant of the dangers of the highly toxic chemicals in said Plant, by failing to provide them with effective respiratory equipment, by fraudulently deceiving them in a systematic scheme, and by

        failing to take other measures, defendants intended the unwanted, harmful, and offensive contact with the chemicals with those individuals to occur.

74. Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.

75. That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.

WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.

## ELEVENTH CAUSE OF ACTION

## (Emotional Distress – ~~Negligent or~~[3] Intentional)

76. The averments of the foregoing paragraphs are incorporated herein.

77. As set out in Count 10 above, defendants subjected workers in the BASF Palmyra Plant to unwanted, harmful, and offensive contact with chemicals in said Plant.

78. As a result of this contact with chemicals, decedent contracted a horrible fatal disease.

79. As a result of becoming aware of their disease, workers in the BASF Palmyra Plant, including decedent, have suffered and will suffer serious emotional distress.

80. Defendants had a duty not to inflict such serious emotional distress on these workers.

81. Defendants intentionally ~~or negligently~~ inflicted this serious emotional distress on these workers.

---

[3] Plaintiff's claim for negligent infliction of emotional distress was dismissed by this Court's December 13, 2006 Amended Order (Document 15).

14

82. By extreme and outrageous conduct, Defendants have recklessly caused severe or extreme emotional distress to Plaintiff and decedent and are thus subject to liability for such emotional distress and any bodily harm resulting form such distress.

83. Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.

84. That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.

WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.

## ~~TWELFTH CAUSE OF ACTION[4]~~

### ~~(Negligence Per Se)~~

85. ~~The averments of the foregoing paragraphs are incorporated herein.~~

86. ~~In distinction to Negligence at Common Law, Plaintiff alternatively allege that Defendants' breach of regulations and laws governing the transportation, transfer and/or handling of dangerous chemicals gives rise to negligence *per se*. Plaintiff's decedent is within the intended protection of the regulations and the harm suffered by him as a result of the exposure is of the type the legislation was intended to prevent.~~

87. ~~The regulations impose a fixed duty of care, so their breach constitutes conclusive evidence of negligence.~~

---

[4] Plaintiff's Twelfth Cause of Action was dismissed without prejudice by the Plaintiff after the Court's 12/13/06 Amended Order granting her twenty (20) days to amend her complaint.

88. ~~Defendants' breach of their duties and/or violation(s) proximately caused injury to Plaintiff's decedent and Plaintiff.~~

89. ~~Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.~~

90. ~~That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.~~

~~WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.~~

## **PUNITIVE DAMAGES**

91. The averments of the foregoing paragraphs are incorporated herein.

92. Upon information and belief Defendant has a significant history of failing to properly manage, handle, transport and transfer dangerous chemicals, and of using inadequate, outdated and/or defective equipment and safety systems.

93. Defendant has willfully and deliberately failed to correct its conduct, which has directly resulted in this exposure, which could have been prevented, but for the willful, reckless and deliberate refusal of Defendant to improve and correct its practices and improve its equipment for handling chemicals and its conscious disregard to Plaintiff and decedent

94. As a result of such deliberate and willful conduct and conscious disregard, the exposure in this case and the resulting injuries occurred, makes Defendant liable to the class for punitive or exemplary damages.

95. Defendant, by and through its employees, directly and proximately caused decedent to be exposed to said chemicals and to suffer colon cancer resulting in his death.

96. That as a direct and proximate result of the carelessness and negligence of Defendant as aforesaid, Plaintiff suffered the injuries and damages set out in the First Cause of Action of this Petition.

WHEREFORE, Plaintiff Donna Leonard respectfully requests that this Honorable Court enter judgment against Defendant BASF Corporation in a just and reasonable amount in excess of $25,000.00 and for her costs herein expended and for such other further and necessary relief that justice requires.

Respectfully submitted,

SCHLUETER, MADNEL & MANDEL, LLP

BY: */s/ Alan S. Mandel*
ALAN S. MANDEL, #29137
E-mail:  DSMM001@aol.com
1108 Olive, Fifth Floor
St. Louis, MO 63101
PH: (314) 621-1701
FA: (314) 621-4800
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following counsel for Defendant through the court's electronic filing system:

Bryan Hopkins:  bryan.hopkins@husch.com, katey.redell@husch.com, Carolyn.jefferery@husch.com, debra.feilner@husch.com, lisa.schroeder@husch.com

        SCHLUETER, MADNEL & MANDEL, LLP


       BY: */s/ Alan S. Mandel*
         ALAN S. MANDEL, #29137
         E-mail:  DSMM001@aol.com
         1108 Olive, Fifth Floor
         St. Louis, MO 63101
         PH: (314) 621-1701
         FA: (314) 621-4800
         Attorneys for Plaintiff