UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DONNA LEONARD, )<br>)<br>    Plaintiff(s), )<br>)<br>    vs. )<br>)<br>BASF CORPORATION, )<br>)<br>    Defendant(s). ) | Case No. 2:06CV00033-ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Notice of Voluntary Dismissal Without Prejudice [doc. #32].

## I. BACKGROUND

Plaintiff filed suit against Defendant in Marion County Circuit Court on April 27, 2006, alleging negligence, strict liability, breach of warranty, misrepresentation, and battery, in a twelve count complaint. Defendant removed the action to federal court on June 2, 2006. On June 16, 2006, Defendant filed a Motion to Dismiss and Motion for More Definite Statement, to which Plaintiff filed a response in opposition after this Court issued a show cause order. In an order dated December 12, 2006, this Court granted in part and denied in part Defendant's motion. Plaintiff filed an Amended Complaint on December 28, 2006. A case management order was entered on February 2, 2007; the case was assigned to Track 3 and trial set for March 24, 2008. On July 27, 2007, Defendant filed a Joint Motion for Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) [doc. #29]. Subsequently, Plaintiff filed the pending Notice of Voluntary Dismissal.

## II. STANDARD OF REVIEW

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. A dismissal is without prejudice if filed by Plaintiff prior to the adverse party filing an answer or by stipulation of the parties. Fed. R. Civ. P. 41(a)(1). The rules also provide for dismissal without prejudice by order of the court. Fed. R. Civ. P. 41(a)(2). "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *Id.* "The decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

## III. DISCUSSION

Defendant opposes Plaintiff's Motion to dismiss the case without prejudice, arguing that under the Federal Rules such a dismissal is appropriate, at this stage of the litigation, only by agreement of the parties. Defendant further argues that dismissal would prejudice the Defendant because of the cost that the Defendant has incurred defending the action and the time that has been spent preparing a defense. Lastly, the Defendant asserts that the Plaintiff has failed to diligently prosecute this action, failing to engage in any written discovery and failing to name an expert witness. Plaintiff argues that the cost incurred by the Defendant would not be duplicated were the case to be refiled, and that Plaintiff is acting with good motives in seeking dismissal at this time.

The Eighth Circuit has identified a number of factors that should be considered in deciding a plaintiff's motion to dismiss without prejudice: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff

in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987); *See also Hamm*, 187 F.3d at 950 (Factors to consider: "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial resources and effort; and whether a dismissal will prejudice the defendants . . .." (internal citations omitted)). Furthermore, dismissal is inappropriate "merely to escape an adverse decision [or] to seek a more favorable forum." *Hamm*, 187 F.3d at 950; *see also Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 857 n. 1 (8th Cir. 1975) (Upholding the trial court's dismissal with prejudice, where Plaintiff alleged strict liability and under conflict of law analysis North Dakota law was held to apply, which did not allow for a strict liability cause of action.).

The Plaintiff has not provided the Court with a compelling reason for voluntarily dismissing the case at bar, nor has Plaintiff shown that voluntary dismissal will not prejudice the defendant. The case has been pending before this Court for over a year and for over fifteen months from the date it was first filed in state court. Since that time the Plaintiff has failed to conduct meaningful discovery in order to progress the case. While the Court is mindful that when the case was first filed the Plaintiff was under some time pressure due to the running of the statute of limitations, the Plaintiff has had ample time to thoroughly investigate the facts of the case and to determine whether to proceed. In the time elapsed, the Defendant has conducted discovery, retained an expert witness, and filed dispositive motions, all at a cost to the Defendant. The Court concludes that dismissal without prejudice at this juncture is inappropriate. Therefore, the case will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Fille Voluntary Dismissal Without Prejudice [doc. #34] is **DENIED.** The above styled case is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment and Motion to Dismiss for Lack of Subject Matter Jurisdiction under 12(b)(1) [doc. #29] is **DENIED as moot**.

Dated this 1st Day of August, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE